WILLIAM A. HOYT *v.* THE SIXTH AVENUE RAILROAD COMPANY.

A statute declaring that railroad companies shall not charge more than three cents a mile for the transportation of a passenger and his ordinary baggage, under a penalty, does not apply to railroads in cities, composed of separate vehicles drawn by horses, unprovided with apartments for the safe keeping and transportation of baggage, the vehicles of which must stop at any part of the route where a passenger presents himself, or for him to leave when he wishes, the compensation for whose carriage cannot be adjusted by the standard of miles, but must be one fixed sum, whether he goes the entire distance or not ; but it applies only to railroads whose cars are propelled by steam, which transport passengers and their baggage from one fixed place or station to another, without stopping at any intermediate point, and in which it is possible to adjust and fix beforehand the amount of fare to be paid from place to place.

APPEAL by the plaintiff from a judgment of the Eighth District Court.

The action was brought to recover the sum of fifty dollars· forfeiture under the "Act to prevent extortion by railroad companies," passed March 27, 1857.

The complaint alleged that on the fifteenth day of December, 1864, the plaintiff became and was a passenger on one of the defendant's cars, in which he rode for less than a mile ; that for such distance the defendant's servant, the conductor of the car, asked of and received from the plaintiff, as fare, a greater sum than three cents, to wit., the sum of six cents.

The justice rendered judgment for the defendant, from which the plaintiff appealed to the Court of Common Pleas.

*J. M. Buckingham* and *Elbridge T. Gerry,* for appellant.
*John H. Platt* and *John Slossson,* for the respondent.

BY THE COURT.—DALY, F. J.—In the year 1850 a general act was passed allowing the formation of companies for the purpose of constructing, maintaining and operating railroads for public use in the conveyance of persons and property (Laws of 1850, p. 311). In the year 1851, permission was granted to the defendants, by the Corporation of the City of New York, to construct a railroad from Chambers street to the present terminus of their route, which is within the city limits, upon the conditions, among others, that they should have cars with

was a resident of this City when he first went to sea as a mariner. From that time to the present he has been employed exclusively and continuously in the merchant marine of the United States. He has never been married, and the question presented is whether he has retained during these seven years the residence which he acquired in this State, or rather, has, within the meaning of the acts of Congress of March 3, 1813, § 12, ch. XLII, and April 14, 1802, § 2, ch. XVIII, resided for the continued term of five years next preceding his application for admission within the United States, and one year within this State. The clause at the end of section 12, of the act of 1813, " without being at any time during the said five years out of the territory of the United States," has been repealed by the recent act of the 26th of June, 1848, ch. 72, and the question presented is simply one of residence.

Every man has what is called his domicil of origin, which is the place where his parents were domiciled at the time of his birth. It continues until he has acquired another, and revives if the acquired domicil has been totally abandoned without any intention of acquiring a new one, but not otherwise (*Craigie* v. *Craigie*, 3 Curtis's R., 435). Scott, as has been suggested, had acquired a domicil in this State, and cannot be deemed to have abandoned it while engaged in his vocation as a mariner upon the ocean. ULPIAN puts a case, which afterwards became a rule of the Roman law, that if a man goes upon a voyage to a place where he has to sojourn for some time, he does not acquire a domicil in that place, but preserves the domicil which he had in the country which he left (*Dig.*, tit. I, 27, § 3). The present case is within the reason upon which this rule is founded, and is even stronger than the case put by ULPIAN. Scott has sailed exclusively in American vessels, and the vessels of a nation, whether public or private, partake of the attributes, and in a certain sense, are to be regarded as a part, of the territory of the nation. While they are upon the high seas, and not within the limits of the territory of any foreign nation, they are under and subject to the jurisdiction of the country to which they belong (*Vattel*, lib. 1, ch. 19, § 2; lib. 11, chap. 7, § 80; *Grotius*, lib. 11; ch. 3, § 13; *Rutherforth Inst.*, vol. 1, ch. 9, §§ 8, 9; *Ortolan Regles Internationales de la Mer*, tom. 1, pp. 293, 293; *Appen lix Annexe*, H,

p. 441; *Wheaton on International Law*, 208), and this being the case, a seaman who has acquired a residence in the United States, must be regarded as retaining that residence, as long as he continues to serve in the public or private vessels of the country. While away from the place where his residence was fixed, the ship, whether it is upon the ocean or in a foreign port, is his place of habitation. Its national character is denoted by its flag, and it must, in such a case, for the purpose of residence, be regarded as a part of the territory of the nation. It is always difficult to lay down any general rule upon the subject of residence, but I think it may be said in reference to a seaman, that if he is married, his residence is the place where his family dwells, and if he has never been married, that it is the place where his domicil was fixed when he first went to sea as a mariner (*Guier* v. *O'Daniel*, 1 Binney, 349 ; *Abington* v. *North Bridgewater*, 23 Pick., 170, 177 ; *Ex parte Pasqualt*, 1 Cranch Cir. C. R., 243 ; *Story on Conflict of Laws*, § 46). The domicil which Scott had in this State when he first shipped from this port, has been retained during the seven years that he has followed the sea. He is regarded, therefore, as having resided for the past five years in the United States, and in this State, and is entitled to be naturalized.